IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ANTHONY L. REGAN, | ) | Civ. No. 06-00066 JMS-LEK |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING |
| | ) | COMPLAINT IN PART AND |
| vs. | ) | DENYING IN FORMA PAUPERIS |
| | ) | APPLICATION |
| JOHN DOES, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER DISMISSING COMPLAINT IN PART
AND DENYING IN FORMA PAUPERIS APPLICATION**

On February 2, 2006, *pro se* Plaintiff Anthony Regan filed this civil rights action pursuant to 42 U.S.C. § 1983.  Regan is currently incarcerated at Halawa Correctional Facility ("HCF").  Regan has also filed an *in forma pauperis* application.  For the reasons set forth below, the court DISMISSES Count II of the Complaint and DENIES Regan's *in forma pauperis* application.

**LEGAL STANDARD**

A federal court must screen any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which

relief may be granted, or seek monetary relief from a defendant who is immune from such relief. Id.; 28 U.S.C. § 1915A(b)(1), (2).

The court must construe pro se pleadings liberally and afford the pro se litigant the benefit of any doubt. Morrison v. Hall, 261 F.3d 896, 899 n.2 (9th Cir. 2001). "'[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Terracom v. Valley Nat'l Bank, 49 F.3d 555, 558 (9th Cir. 1995) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of law. West v. Atkins, 487 U.S. 42, 48 (1988).

**DISCUSSION**

I.   <u>Count I States a Claim.</u>

In Count I of the Complaint, Regan claims that Defendants violated his right of access to the court when they allegedly denied him access to the prison law library between September 24, 2001 to October 19, 2001, April 2, 2002 to October 4, 2002, and December 7, 2003 to February 9, 2004, when Regan was

incarcerated first at Oahu Community Correctional Center, and later at HCF. This claim, as written, sufficiently alleges a constitutional violation and will proceed.

This court, however, takes judicial notice of Regan's earlier action, <u>Regan v. Oahu Comm. Corr. Facility, et al.</u>, Civ. No. 04-00731 SOM, which was dismissed for Regan's failure to administratively exhaust his prison remedies prior to filing suit. The court notes that Regan's statements in the present Complaint, that Civ. No. 04-00731 was prejudiced by his inability to file grievances due to Defendants' failure to provide him with grievance forms or to inform him of the necessity of filing grievances prior to bringing suit in federal court, may not be raised again in this action. These claims were adjudicated in Civ. No. 04-00731, wherein the court expressly held that prison officials were *not* responsible for Regan's failure to exhaust his administrative remedies. <u>See</u> <u>Regan v. Oahu Comm. Corr. Facility, et al.</u>, Civ. No. 04-00731, Amended Order Dismissing Third Amended Complaint and Dismissing Defendant Clayton Frank, entered on Nov. 28, 2005, at 9-14 ("November 28 Order").

II.     <u>Count II is Dismissed.</u>

The court finds that Count II fails to state a claim. Regan appears to request that the court incorporate claims from Civ. No. 04-00731, specifically, Count Nos. 2, 3, 6, 8, 9, 10, 11, 13, 14, 16, 17, 18, and 21 when they occurred

between December 7, 2003 and February 9, 2004, into this Complaint. Regan suggests, although the Complaint is not clear, that he has now administratively exhausted these claims. The court notes that the November 28 Order dismissed Regan's Complaint "without prejudice to the filing of a new action by Regan following exhaustion." November 28 Order at 18. It is not clear that Regan is alleging exhaustion of these claims. In any event, the court will not search through Regan's earlier action, in which there were three amended complaints and numerous dispositive motions, to determine which claims Regan is now asserting in this action. Regan is granted thirty days [30] to amend this Complaint to include whatever claims from his earlier action that he believes are ripe, and that have been adequately exhausted.

III.   The In Forma Pauperis Application is Denied.

Regan's *in forma pauperis* application is incomplete. Regan fails to include a certified statement from prison authorities attesting to the amount in his prison trust account, as well as to the six-month averages of deposits and balances in his account. In a letter to the Clerk of Court submitted with his Complaint, Regan says that prison officials are being "uncooperative," and are allegedly refusing to provide him with a statement of his trust account balance. Regan states that his account balance is the same as it was on September 19, 2005, when he was

previously granted *in forma pauperis* status.  This is insufficient to satisfy the requirements of 28 U.S.C. § 1915.  Regan's *in forma pauperis* application is denied and he is granted thirty [30] days to submit a second, fully-completed *in forma pauperis* application.  Failure to do so will result in the AUTOMATIC DISMISSAL of this action for failure to prosecute.

## CONCLUSION

IT IS HEREBY ORDERED that:

1.  Count II in Regan's Complaint is DISMISSED for failure to state a claim.  Regan is GRANTED THIRTY DAYS LEAVE TO AMEND this claim as discussed above.

2.  If Regan decides to amend his pleadings, any amendment must "reproduce the entire pleading as amended and may not incorporate any part of a prior pleading by reference."  Local Rule LR10.3.  The document must bear the docket number assigned to this case and must be clearly labeled "First Amended Complaint."  This is not to say that Regan must file an amended pleading; upon payment of filing fees or the grant of his *in forma pauperis* application, Regan's action will proceed with Count I of the Complaint if he chooses not to amend.

3.  Regan's *in forma pauperis* application is DENIED. Regan may submit a second, fully-completed *in forma pauperis* application, including a

certified statement of his prison trust account, within thirty [30] days of the date of this order. Failure to either file a sufficient in forma pauperis application or pay the filing fee will result in the AUTOMATIC DISMISSAL of this action.

      4. The Clerk is directed to send Regan a copy of this order, a prisoner civil rights complaint form and instructions, an *in forma pauperis* application, and a copy of the court's November 28, 2005 Amended Order Dismissing Third Amended Complaint and Dismissing Defendant Clayton Frank, in <u>Regan v. Oahu Comm. Corr. Facility, et al.</u>, Civ. No. 04-00731. The Clerk is further directed to send a copy of this order (without the other materials being sent to Regan) to Tom Read, the Hawaii Department of Public Safety's designee, at 919 Ala Moana Blvd., Honolulu, Hawaii, 96814, and to Mark J. Bennett, Attorney General of the State of Hawaii, at 425 Queen Street, Honolulu, Hawaii, 96813.

      IT IS SO ORDERED.

      DATED: Honolulu, Hawaii, February 8, 2006.



                              J. Michael Seabright
                              United States District Judge

<u>REGAN v. DOES</u>; Civ.No. 06-00066 JMS/LEK; ORDER DISMISSING COMPLAINT IN PART AND DENYING IN FORMA PAUPERIS APPLICATION; dmp\orders 06\ Regan 06-66 dny IFP dsm C in part