IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ANTHONY L. REGAN, | ) | Civ. No. 06-00066 JMS-LEK |
| | ) | |
| Plaintiff, | ) | ORDER CLARIFYING FEBRUARY |
| | ) | 8 ORDER, AND GRANTING |
| vs. | ) | EXTENSION OF TIME TO AMEND |
| | ) | COMPLAINT |
| JOHN DOES, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER CLARIFYING FEBRUARY 8 ORDER, AND GRANTING
EXTENSION OF TIME TO AMEND COMPLAINT**

On February 8, 2006, the court dismissed *pro se* plaintiff Anthony Regan's prisoner civil rights complaint in part with leave granted to amend. *See* Order Dismissing Complaint in Part and Denying In Forma Pauperis Application, entered Feb. 28, 2006 ("February 8 Order").[1] Regan was granted thirty days to amend his Complaint.

On March 6, 2006 Regan filed a document titled "Motion for Reconsideration or Alteration of Judgment; Request for Extension of Time." Although Regan moves for reconsideration or alteration of judgment of the

---

[1] In Count II, Regan requested that the court incorporate claims from an earlier action, Civ. No. 04-00731, into this Complaint. The court found that it had no obligation to search Regan's earlier action to determine which claims Regan was now asserting, and then to incorporate those claims into the present action.

February 8 Order, he does not protest the dismissal of Count II or seek reconsideration of that determination; he apparently only seeks clarification of the February 8 Order's discussion that:

> Regan's statements . . . that Civ. No. 04-00731 was prejudiced by his inability to file grievances due to Defendants' failure to provide him with grievance forms or to inform him of the necessity of filing grievances prior to bringing suit in federal court, *may not be raised again in this action*.  These claims were adjudicated in Civ. No. 04-00731, wherein the court expressly held that prison officials were not responsible for Regan's failure to exhaust his administrative remedies. See <u>Regan v. Oahu Comm. Corr. Facility, et al.</u>, Civ. No. 04-00731, Amended Order Dismissing Third Amended Complaint and Dismissing Defendant Clayton Frank, entered on Nov. 28, 2005, at 9-14 ("November 28 Order").

February 8 Order at 3 (emphasis added).

Regan asks, "is the Honorable Court saying that prison officials are not responsible for 'Regan's failure to exhaust his administrative remedies' because the Honorable Court in the Nov. 28 Order would not excuse the 'failure' to exhaust?"  (Motion at 4.)  Regan argues that he "believes [prison officials] were responsible for not giving him information or properly training him on the grievance procedures and process, or that the Plaintiff was not meaningfully informed of the procedures and process, that officials hindered and obstructed his ability to file grievances in various ways that I've already discussed[.]"  (*Id.* at 5.)

The November 28 Order explicitly held that Regan did not exhaust the claims presented in Civ. No. 04-00731, and that this failure was solely Regan's and was not imputed to any action or inaction of prison officials. *See* November 28 Order at 10-14. Judge Mollway stated, "[i]t is clear that Regan was aware of OCCC's grievance procedure no later than May 30, 2002, the date on which he filed his first grievance," and that, despite his clear knowledge of the prison grievance procedures by that date at least, Regan failed to exhaust his claims prior to bringing them to the federal court. *Id.* at 13. Judge Mollway dismissed Regan's action for his failure to exhaust his claims, and for his failure to show cause that the lack of exhaustion should be excused. Explicit in this holding was a finding, based on evidence supplied by Defendants, that Defendants <u>were not responsible</u> for Regan's failure to exhaust his administrative remedies prior to his filing suit in the federal court. Regan had clear knowledge of the prison grievance procedures no later than May 30, 2002, and any failure to exhaust his claims after that date was his own fault. Although Civil No. 04-00731 was dismissed without prejudice to Regan refiling an action reasserting his claims once they were exhausted, this does not meant that Regan may commence another action arguing that Defendants denied him access to the court because *he* failed to exhaust his

remedies on those claims. That issue was conclusively decided in Civ. No. 04-00731.[2]

Moreover, the November 28 Order clearly informed Regan that:

> Although the prison must give inmates information on how to properly file a grievance and must provide access to a law library or legal assistance, there is no authority requiring a prison to inform inmates of the exhaustion requirements of the PLRA[3] or to tell them that, once they have completed the prison grievance process for a specific complaint, they must file suit in the federal court on that exhausted claim within the applicable state statute of limitation period.

November 28 Order at 10-11. Thus, Regan was notified that it is not the prison's duty to ensure that he complies with the PLRA, and a denial of access to the courts claim on this basis would fail.

As such, the court clarifies that Regan's claim of denial of access to the court in Count I, based on his allegations that the prison refused him access to the

---

[2] The court is not attempting to clarify Judge Mollway's November 28 Order. That is not within this court's jurisdiction or discretion. Moreover, the court notes that Regan was given several opportunities to dispute Judge Mollway's ruling. The original order dismissing Civ. No. 04-00731 for Regan's failure to exhaust was entered on October 20, 2005. Regan moved for reconsideration of that order and was denied on November 9, 2005. Regan then sent a letter seeking clarification of a sentence in the October 20, 2005 Order. Thereupon, Judge Mollway vacated the judgment and entered the November 28 Order, which corrected the final sentence of the October 20 Order, but in all other respects matched the October 20 Order. Despite this, Regan moved again for reconsideration of the court's decision, which was denied on December 20, 2005.

[3] Prison Litigation Reform Act of 1995.

law library, states a claim at this time.[4]  Any claims that Regan asserts in support of Count I, however, that are based on his *own* failure to exhaust his prison administrative remedies in Civil No. 04-00731, and his belief that it is Defendants' fault that he failed to exhaust, are precluded by the doctrine of collateral estoppel, pursuant to the November 28 Order, and may not be raised in this action.[5]

Regan also seeks a thirty-day extension of time to amend his complaint. Regan says that, although he received the February 8 Order on February 10, 2006, he chose not to open the order until February 26, 2006, because "[h]e wanted to finish [filing a] new complaint before opening the mail from the Honorable Court!" (Motion at 2).  This is an insufficient reason for failing to comply with this court's order to amend the Complaint in thirty days.  Regan made a decision to commence several actions in this court; he is responsible for complying with all deadlines and orders of the court in those actions.  His misguided decision to wait

---

[4] Count I states a claim only to the extent that Regan can show that the prison's inadequate facilities or interfering regulations have *actually* frustrated or impeded a nonfrivolous (1) criminal trial or appeal, (2) habeas proceeding, or (3) section 1983 case challenging the condition of his confinement. *See Lewis v. Casey*, 518 U.S. 343, 355 (1996); *Sands v. Lewis*, 886 F.2d 1166, 1171 (9th Cir. 1989).  An actual injury is a "constitutional prerequisite" to right of access suits. *Lewis*, 518 U.S. at 352-53 & n. 3.

[5] The district court may examine the preclusive effect of prior judgment *sua sponte*. *See McClain v. Apodaca*, 793 F.2d 1031, 1032-33 (9th Cir. 1986).  Collateral estoppel, or issue preclusion, bars the relitigation of issues explicitly litigated and necessary to the judgment. *Hiser v. Franklin*, 94 F.3d 1287, 1290 (9th Cir. 1996).

two weeks before opening his legal mail from the court does not excuse his failure to file an amendment to the Complaint within the time limits set by the court.

Regan is not a novice to this court who is unfamiliar with the court's proceedings, or with the procedures and requirements for amending a complaint. In Civ. No. 04-00731, Regan was granted leave to amend his complaint no less than three times. (*See id.*, Docket Nos. 11, 15, and 26.) In *Regan v. Honolulu Police Department*, Civ. No. 05-00068, Regan was granted leave to amend his complaint and the action was terminated for failure to state a claim when he failed to sufficiently amend the complaint. *See id.*, Docket Nos. 7 and 10. In *Regan v. Hawaii*, Civ. No. 04-00626, Regan's habeas petition was similarly dismissed with leave to amend, and his action was subsequently dismissed without prejudice when his amended petition showed that he had not exhausted his claims in the state court. *See id.*, Docket Nos. 5 and 7.

The court also notes that, despite opening the February 8 Order two weeks after receiving it, Regan made certain to file a fully completed *in forma pauperis* application prior to the date that this action would be terminated for failure to pay the filing fee or to file a sufficient application. Regan is clearly able to comply with court orders when it suits his interests. Nonetheless, in the interest of justice and in consideration of his *pro per* status, the court will grant a fifteen day

extension of time to file an Amended Complaint according to the dictates of the February 8 Order.  Further extensions of time to amend the Complaint will not be considered.

## CONCLUSION

IT IS HEREBY ORDERED that:

1. The February 8 Order is CLARIFIED as set forth in this Order.

2. Regan is GRANTED a fifteen-day extension of time, **calculated from the date of this order**, within which to amend his Complaint. If Regan amends his pleadings, he must do so on the prisoner civil rights form provided by this court.  Any amendment must "reproduce the entire pleading as amended and may not incorporate any part of a prior pleading by reference."  Local Rule LR10.3.  The document must bear the docket number assigned to this case and must be clearly labeled "First Amended Complaint."

3. The Clerk is directed to send Regan a copy of this order, a prisoner civil rights complaint form and instructions.  The Clerk is further directed to send a copy of this order (without the other materials being sent to Regan) to Thomas Read, the Hawaii Department of Public Safety's designee, at 919 Ala Moana

//

Blvd., Honolulu, Hawaii, 96814, and to Mark J. Bennett, Attorney General of the State of Hawaii, at 425 Queen Street, Honolulu, Hawaii, 96813.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, April 6, 2006.



/s/ J. Michael Seabright

J. Michael Seabright
United States District Judge

REGAN v. DOES; Civ.No. 06-00066 JMS/LEK; ORDER CLARIFYING FEBRUARY 8 ORDER, AND GRANTING EXTENSION OF TIME TO AMEND COMPLAINT ; dmp\orders 06\ Regan 06-66(Recon)