IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ANTHONY L. REGAN, | ) | Civ. No. 06-00066 JMS-LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER OF DISMISSAL |
| vs. | ) | |
| | ) | |
| CLAYTON FRANK, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER OF DISMISSAL

Pro se plaintiff Anthony L. Regan, a Hawaii prisoner incarcerated at the Halawa Correctional Facility ("Halawa"), filed this prisoner civil rights complaint pursuant to 42 U.S.C. §1983. Plaintiff, proceeding *in forma pauperis*, seeks relief for constitutional violations that allegedly occurred while he was incarcerated at Oahu Community Correctional Center ("OCCC") between December 2003, and February 2004. For the following reasons, Plaintiff's Second Amended Complaint is DISMISSED for Plaintiff's failure to exhaust his prison administrative remedies prior to filing suit.

I.  BACKGROUND

A.   Plaintiff's Instant Action.

Plaintiff has filed three complaints in this action.  On February 2, 2006, Plaintiff filed his original complaint.  That Complaint included fourteen counts; Plaintiff also appeared to request that the court incorporate claims from his previous action, *Regan v. Oahu Comm. Corr. Facility, et al.*, Civ. No. 04-00731 SOM, into that Complaint.[1]  On February 8, 2006, this Court entered an order dismissing Plaintiff's Complaint in part.  Plaintiff was notified that the court would not search through Plaintiff's earlier action, in which there were three amended complaints and numerous dispositive motions, to determine which claims Plaintiff sought to assert.  Instead, the court granted Plaintiff thirty days leave to amend his Complaint to include whatever claims from his earlier action that he believed were ripe.

On April 25, 2006, Plaintiff filed his First Amended Complaint ("FAC").  Plaintiff's FAC named only fictitious "John Doe" defendants; because of this, the U.S. Marshals were unable to effect service on any party.  On August 28, 2006, Magistrate Judge Leslie E. Kobayashi issued an order granting early,

---

[1] Plaintiff sought to incorporate Count Nos. 2, 3, 6, 8, 9, 10, 11, 13, 14, 16, 17, 18, and 21.

limited discovery on the FAC, so that Plaintiff could identify at least one Defendant and enable the Marshals to effect service. The court gave Plaintiff sixty days within which to identify at least one defendant and informed Plaintiff that if he failed to do so the action would be dismissed for failure to prosecute.[2]

On November 21, 2006, Plaintiff filed his Second Amended Complaint ("SAC"). Plaintiff names Clayton Frank, Deanna Espinas, Janice Neilson, Gary Kaplan, Eric Tanaka, Edwin Shimoda, Allan Asato, and Wesley Mun in their individual capacities as Defendants. Plaintiff also again names John Does, Department of Public Safety employees, as Defendants.

The SAC includes sixteen counts, which are identical to the claims Plaintiff brought before the court in Civ. No. 04-00731 SOM. Plaintiff re-alleges that he was: denied access to the court between September 24, 2001, and October 19, 2001, April 2, 2002 and October 4, 2002, and December 7, 2003, and February 9, 2004 (Counts 1 and 2)[3]; denied religious material so as to prevent him from practicing his faith between December 7, 2003, and February 9, 2004 (Count 3); denied reading material between December 7, 2003, and February 9, 2004 (Count

---

[2] On October 25, 2006, Plaintiffs requested an extension of forty-five additional days to amend his complaint. That motion was granted, in part, giving Plaintiff until November 17, 2006 to file his amended complaint.

[3] Counts 1 and 2 are identical and will, therefore, be addressed as one claim.

4); denied timely delivery of his mail between December 7, 2003, and February 9, 2004 (Count 5); assaulted by a fellow inmate shortly after December 7, 2003 (Count 6); in fear of violence during an unspecified period of his incarceration at OCCC (Count 7); given inadequate food between December 7, 2003, and February 9, 2004 (Count 8); subjected to cold showers between December 7, 2003, and February 9, 2004 (Count 9); subjected to excessive noise levels and head counts which caused sleep deprivation between December 7, 2003, and February 9, 2004 (Count 10); exposed to second hand tobacco smoke between December 7, 2003, and February 9, 2004 (Count 11); given inadequate medical and dental care between December 7, 2003, and February 9, 2004 (Count 12); denied access to physical activity and exercise between December 7, 2003, and February 9, 2004 (Count 13); deprived of his personal property shortly after February 9, 2004 (Count 14); subjected to unspecified unconstitutional conditions in violation of the Fourteenth Amendment between December 7, 2003, and February 9, 2004 (Count 15); and subjected to cruel and unusual punishment between December 7, 2003, and February 9, 2004 (Count 16).

B.    Plaintiff's Action in Civ. No. 04-00731 SOM.

      Plaintiff's instant allegations are identical to those previously brought before the Honorable Judge Susan Oki Mollway in Civ. No. 04-00731 SOM, filed

on December 14, 2004. On November 28, 2005, Judge Mollway dismissed all of Plaintiff's claims on the grounds that Plaintiff had not exhausted his administrative remedies as required under 42 U.S.C. § 1997e(a). *(Regan v. Oahu Comm. Corr. Facility, et al.*, Civ. No. 04-00731 SOM, Docket No. 48.) Judge Mollway relied on a declaration from OCCC's Grievance Coordinator, James Kanehira, and copies of all of the grievances that Plaintiff filed while incarcerated at OCCC. This evidence revealed that Plaintiff had filed ten grievances during his incarceration at OCCC. The only claims that appeared to correlate with Plaintiff's grievances were the claim for the denial of religious material and possibly that he was denied access to the court. In summary, Plaintiff's grievances filed during his incarceration at OCCC included:

> 5/30/02 **Grievance No. 82196**: Regan complained that he was not allowed to use the phone during his scheduled phone time.
> **Response**: Regan was informed that he must sign up for phone time. Regan did not appeal.
>
> 6/19/02 **Grievance No. 82219**: Regan complained that he was unable to get Buddhist religious materials.
> **Response**: Regan was reminded that the prison chaplain had given him a book on Buddhism and had attempted to find more materials for Regan. Regan was informed that the chaplain would continue to look for materials responsive to Regan's specific requests and that he should be patient. Regan did not appeal.

| | |
|---|---|
| 7/11/02 | **Grievance No. 83905**: Regan complained that he was unable to make legal calls because he was "related to my lawyer who is advising me on two cases." <br>**Response**: Regan was informed that he was only allowed to call his attorney of record, and that he could contact other attorneys via mail. Regan appealed this decision to Step 2 and was notified that the prison had determined that he was attempting to call his mother, who acknowledged that she was not an attorney. Regan was told that if he provided documentation showing that his mother was representing him, or acting on his legal behalf, the prison would then determine whether his requested calls to her were legal or personal. Regan did not pursue this grievance to Step 3. |
| 8/03/02 | **Grievance No. 83912**: Regan complained that a prison guard had yelled at him to be quiet. <br>**Response**: Regan was informed that, after inquiry, the prison had determined that Regan had been told several times to stop being disruptive, and that he appeared to be having difficulty adhering to the guards' instructions. Regan submitted, then withdrew, a Step 2 appeal of this grievance. |
| 8/22/02 | **Grievance No. 83582**: Regan complained that he was being charged for medical services that he had not requested. <br>**Response**: Regan was told that DPS policies require that inmates be charged for self-inflicted injuries, injuries due to "altercation[s]," and accidental injuries. There is no record of a Step 2 appeal of this grievance; Regan appears to have proceeded directly to Step 3. In response to his Step 3 appeal, the prison informed Regan that he had to provide a copy of his ledger so that the prison could perform an audit of his charges. |
| 9/1/02 | **Grievance No. 84172**: Regan complained of cockroaches in his cell. <br>**Response**: Regan was informed that the exterminators visited the prison once per month and that they had already been called. Regan was also told that the exterminators were only |

|  |  |
|---|---|
|  | contracted to spray the kitchen area and the control station. Regan did not appeal. |
| 9/6/02 | **Grievance No. 84175**: Regan complained that he was being charged for a store order that he had not received.<br>**Response**: Regan's account was credited the amount in question. Regan did not appeal. |
| 9/23/02 | **Grievance No. 83922**: Regan complained that a prison guard threatened to beat any inmate who filed a grievance against Sergeant Anderson, another prison guard. Regan believed this threat was directed at him.<br>**Response**: Regan was told that, if his complaint was found to have merit, appropriate action would be taken against the prison staff named. Regan did not appeal. |
| 12/09/03 | **Grievance No. 101674**: Regan again complained that he could not get religious materials.<br>**Response**: Regan was told that, as he had been informed by the prison chaplain, all religious resources were donated by the community and that the chaplain would continue searching for donated materials of interest to Regan. Regan was informed that he should assist the chaplain by directing him to Regan's religious affiliates for possible donations. Regan was also told that he could purchase religious literature and was told how to do so. Regan did not appeal. |
| 1/19/04 | **Grievance No. 101718**: Regan stated that he "was trying to get another extension on my property or to get it sent home."<br>**Response**: Regan was told that this was not a proper subject for a grievance, as it was not a complaint. He was informed that, if he needed another thirty-day extension, he had to inquire with his Case Manager. Regan did not appeal this grievance. |

*Id.*

Plaintiff disputed that he had only filed ten grievances while incarcerated at OCCC, stating that he was certain he filed many more. Plaintiff, however, was unable to provide copies of other grievances that he allegedly filed. Judge Mollway dismissed Plaintiff's claims without prejudice to the filing of a new action following exhaustion. The present action followed.

## II.  LEGAL STANDARD

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.*; 28 U.S.C. § 1915A(b)(1), (2).

The court must construe pro se pleadings liberally and afford the pro se litigant the benefit of any doubt. *Morrison v. Hall*, 261 F.3d 896, 899 n.2 (9th Cir. 2001). "'[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 558 (9th Cir. 1995) (quoting *Conley v. Gibson*, 355 U.S. 41,

45-46 (1957)). "Unless it is absolutely clear that no amendment can cure the defect . . . , a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

### III.  DISCUSSION

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

A.   Plaintiff Failed to Exhaust his Administrative Remedies.

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions . . . by a prisoner . . . until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  The Supreme Court, after Judge Mollway dismissed Plaintiff's claims in Civ. No. 04-00731 SOM, clarified that the PLRA exhaustion requirement demands *proper* exhaustion of administrative remedies.  *Woodford v. Ngo*, 126 S.Ct. 2378 (2006).  The Supreme Court specifically rejected Ninth Circuit case law that permitted a prisoner to satisfy the PLRA exhaustion requirement by filing

an untimely grievance, finding that the exhaustion requirement may not be satisfied "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." *Id.* at 2382. Instead, "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules . . . ." *Id.* at 2386.

The failure to exhaust under the PLRA is an affirmative defense that a defendant normally has the burden of proving. *See Wyatt v. Terhune*, 315 F.3d 1108, 1117-18 (9th Cir. 2003). Sua sponte dismissal is appropriate, however, when it is clear from the face of the complaint that a prisoner had failed to exhaust available prison administrative remedies. *See Booth v. Churner*, 532 U.S. 731, 739-41 (2001) (holding exhaustion of available administrative remedies mandatory under the Prison Litigation Reform Act); *Wyatt*, 315 F.3d at 1120 (stating in dicta that "[a] prisoner's concession to nonexhaustion is a valid ground for dismissal, so long as no exception to exhaustion applies").

Hawaii state prisoners may administratively exhaust their complaints and grievances pursuant to the Department of Public Safety's ("DPS") Policies and Procedures Manual (1992), section 493.12.03(4.0). These rules establish a three-step process for exhausting an administrative appeal. At step-one, the inmate must submit a grievance to a Unit Manager within fourteen days of the date

on which the basis of the alleged complaint occurred. The Unit Manager has fifteen working days from the date of receipt of the grievance during which to investigate and respond. If the inmate receives an adverse determination at step-one, the inmate has up to five days to file an appeal of the Unit Manager's decision with the Branch Administrator. The Branch Administrator then has fifteen working days from the date of receipt of the step-one appeal to submit a written response to the inmate. Again, if the inmate receives an adverse determination, the inmate has up to five days to file an appeal with the Division Administrator. The Division Administrator has twenty working days from the date of receipt of the inmate's appeal within which to submit a written response to the inmate. The Division Administrator's decision is final. DPS Manual § 493.12.03.13–.15. Inmates may also file emergency, or privileged, grievances, with differing time limits and procedures, if a matter is "of a sensitive nature, and there exists a reasonable belief that punitive measures will be taken at the hands of facility staff or other inmate, or would otherwise be adversely affected if it is known at the facility that the complaint/grievance is being filed." *Id*. § 493.12.03.10.

        In the Ninth Circuit, under the law of the case doctrine, subsequent proceedings should follow the law of the case established in a previous decision

unless: "(1) the decision is clearly erroneous and its enforcement would work a manifest injustice, (2) intervening controlling authority makes reconsideration appropriate, or (3) substantially different evidence was adduced at a subsequent trial." *Jeffries v. Wood*, 114 F.3d 1484, 1489 (9th Cir. 1997) (en banc) (footnote, citation, and internal quotation marks omitted) (*overruled on other grounds by Lindh v. Murphy*, 521 U.S. 320 (1997)).

      As set forth above, Judge Mollway dismissed Plaintiff's action in Civ. No. 04-00731 SOM, on November 28, 2005, on the ground that Plaintiff failed to administratively exhaust his prison remedies prior to filing suit on December 14, 2004. Judge Mollway's decision is not erroneous nor would enforcement of her decision work a manifest injustice. Plaintiff has not produced any intervening controlling authority which would make reconsideration of Judge Mollway's decision appropriate. In addition, no different evidence has been adduced at a subsequent trial. As Plaintiff presents the exact same claims in the instant action as he did in Civ. No. 04-00731 SOM, this Court will follow the law of the case established in Civ. No. 04-00731 SOM, that is, that Judge Mollway dismissed Plaintiff's claims on November 28, 2005, on the ground that Plaintiff failed to administratively exhaust his prison remedies prior to filing suit on December 14, 2004.

Based on the Supreme Court's decision in *Ngo*, and following the law of the case established in Civ. No. 04-00731 SOM, it is clear from the face of Plaintiff's SAC, that he failed to exhaust his administrative remedies as required under 42 U.S.C. § 1997e(a). Indeed, between December 15, 2004, the date on which Plaintiff filed suit in Civ. No. 04-00731, and the present day, the Supreme Court decided *Ngo*. Under *Ngo*, even if Plaintiff exhausted his administrative remedies after he filed suit in Civ. No. 04-00731 SOM, he did not do so in accordance with the DPS's deadlines and other critical procedural rules. As set forth above, the DPS Manual provides that at step-one, an inmate must submit a grievance to the Unit Manager within fourteen days of the date on which the basis of the alleged complaint occurred. At the latest, Plaintiff should have filed a step-one grievance on or before February 24, 2004, for each constitutional violation that allegedly occurred between December 7, 2003 and February 9, 2004. For the alleged constitutional violation that took place shortly after February 9, 2004, Plaintiff certainly should have filed a step-one grievance prior to December 14, 2004. [4]

---

[4] Although Plaintiff filed a step-one grievance on December 9, 2003, regarding denial of access to religious material, based on the record, it does not appear to the court that Plaintiff appealed the step-one decision, and therefore, did not administratively exhaust his claim. Plaintiff also filed a step-one grievance on July 11, 2002, which the court liberally construed as a denial of access to the court claim. As the grievance was filed prior to when the alleged constitutional violations here took place, the grievance is not relevant to the instant action.

Even though Judge Mollway dismissed Plaintiff's claims without prejudice to the filing of a new action following proper exhaustion, *Ngo* makes proper exhaustion of these claims impossible.  In short, Plaintiff failed to exhaust available administrative remedies as required under 42 U.S.C. § 1997e(a) and *Ngo*.  Plaintiff's claims are DISMISSED with prejudice for Plaintiff's failure to timely exhaust them prior to filing suit.

B.      Count 14 Fails to State a Federal Claim.

In Count 14, Plaintiff states that Defendants threw away his personal property shortly after February 9, 2004.  A claim of negligent or unauthorized deprivation of property by state officials does not state a federal cause of action under § 1983 if the plaintiff has an adequate post-deprivation state remedy.  *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Barnett v. Centoni*, 31 F. 3d 813, 816 (9th Cir. 1994).  When the deprivation occurs through "the random and unauthorized conduct of a state employee, predeprivation procedures are simply 'impracticable' since the state cannot know when such deprivations will occur." *Hudson*, 468 U.S. at 533.  Hawaii law provides that public employees are liable for torts in the same manner and to the same extent as a private individual under like circumstances.  Haw. Rev. Stat. § 662-2.  Because the state expressly waives its immunity for its employees' torts, § 662-2 provides an adequate post-

deprivation remedy for an inmate's alleged loss of property.  As Plaintiff has an adequate post-deprivation state remedy, Count 14 of Plaintiff's Second Amended Complaint is DISMISSED for failure to state a claim.

Liberally construing the allegations set forth in Count 14, however, it appears to the court that Plaintiff may set forth a state law claim.  In such circumstances, Title 28 U.S.C. § 1367(c)(3) allows the District Court to decline to exercise supplemental jurisdiction over the state law claims.  Under § 1367(c), a court may decline to exercise supplemental jurisdiction if:

> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c)(1)-(4) (1994).

Here, the court has dismissed all claims over which it has original jurisdiction.  The Court DECLINES to exercise supplemental jurisdiction over Plaintiff's state law claim.

## IV.  CONCLUSION

IT IS HEREBY ORDERED THAT:

1. Count 14 of Plaintiff's Second Amended Complaint is **DISMISSED with prejudice**, for failure to state a claim pursuant to 28 U.S.C. § 1915A.

2. The court **DECLINES** to exercise supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367(c).

3. Plaintiff's claims are **DISMISSED with prejudice** pursuant to 42 U.S.C. § 1997e(a).  Plaintiff may not reassert claims dismissed here as unexhausted.

4. Plaintiff's Second Amended Complaint is **DISMISSED with prejudice** pursuant to 42 U.S.C. § 1997e(a).

5. The Clerk of the Court is directed to close the case file.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, January 9, 2007.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Regan v. Frank, et al.*, Civ. No. 06-66 JMS-LEK; ORDER DISMISSING COMPLAINT; heather\Screening Orders 06\Regan 06-66 (dismiss cmpl)