IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ANTHONY L. REGAN, | ) | CIVIL NO. 06-00066 JMS/LEK |
| | ) | |
| Plaintiff, | ) | ORDER DENYING MOTION FOR |
| | ) | RELIEF FROM ORDER AND |
| vs. | ) | JUDGMENT |
| | ) | |
| CLAYTON FRANK, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## ORDER DENYING MOTION FOR RELIEF FROM ORDER AND JUDGMENT

On January 10, 2008, pro se Plaintiff Anthony L. Regan, a prisoner

incarcerated at Halawa Correctional Facility ("HCF"), filed a Motion for Relief

from Judgment ("Plaintiff's Motion") pursuant to Federal Rule of Civil Procedure

60(b).  For the following reasons, Plaintiff's Motion is DENIED.

## I.  BACKGROUND

On February 2, 2006, Plaintiff, proceeding *in forma pauperis*, filed a

prisoner civil rights Complaint pursuant to 42 U.S.C. § 1983.  Plaintiff's

Complaint included fourteen counts; Plaintiff also appeared to request that the

court incorporate claims from his previous action, *Regan v. Oahu Community*

*Correctional Facility, et al.*, Civ. No. 04-00731 SOM/LEK, into that Complaint.[1]

On February 8, 2006, this court entered an Order dismissing Plaintiff's Complaint in part. Plaintiff was notified that the court would not search through Plaintiff's earlier action, in which there were three amended Complaints and numerous dispositive motions, to determine which claims Plaintiff sought to assert. Instead, the court granted Plaintiff thirty days leave to amend his Complaint to include whatever claims from his earlier action that he believed were ripe.

On April 25, 2006, Plaintiff filed his First Amended Complaint ("FAC"). Plaintiff's FAC named only fictitious "John Doe" defendants. On August 28, 2006, Magistrate Judge Leslie E. Kobayashi issued an Order granting early, limited discovery on the FAC, so that Plaintiff could identify at least one defendant and enable the United States Marshals to effect service. The court gave Plaintiff sixty days within which to identify at least one defendant and informed Plaintiff that if he failed to do so the action would be dismissed for failure to prosecute.[2]

---

[1] Plaintiff sought to incorporate Count Nos. 2, 3, 6, 8, 9, 10, 11, 13, 14, 16, 17, 18, and 21.

[2] On October 25, 2006, Plaintiff requested an extension of forty-five additional days to amend his FAC. That motion was granted, in part, giving Plaintiff until November 17, 2006 to amend his FAC.

On November 21, 2006, Plaintiff filed his Second Amended Complaint ("SAC").  Plaintiff named Clayton Frank, Deanna Espinas, Janice Neilson, Gary Kaplan, Eric Tanaka, Edwin Shimoda, Allan Asato, and Wesley Mun in their individual capacities as Defendants.  Plaintiff also named "John/Jane Doe employees at the Department of Public Safety," including the Director and Deputy Director of the Department, as Defendants.

The SAC included sixteen counts, which were largely identical to the claims Plaintiff brought before the court in Civ. No. 04-00731 SOM/LEK. Plaintiff alleged that he was: denied access to the court while incarcerated at Oahu Community Correctional Center ("OCCC") between September 24, 2001 and October 19, 2001, April 2, 2002 and October 4, 2002, and December 7, 2003 and February 9, 2004, and denied access to the court between February 9, 2004 and February 2, 2006 thereby prejudicing his action in Civ. No. 04-00731 SOM (Counts 1 and 2);[3] denied religious material so as to prevent him from practicing his faith between December 7, 2003 and February 9, 2004 (Count 3); denied reading material between December 7, 2003 and February 9, 2004 (Count 4); denied timely delivery of his mail between December 7, 2003 and February 9, 2004 (Count 5); assaulted by a fellow inmate shortly after December 7, 2003

---

[3] Counts 1 and 2 are identical and will, therefore, be addressed as one claim.

3

(Count 6); in fear of violence during an unspecified period of his incarceration at OCCC  (Count 7); given inadequate food between December 7, 2003 and February 9, 2004 (Count 8); subjected to cold showers between December 7, 2003 and February 9, 2004 (Count 9); subjected to excessive noise levels and head counts which caused sleep deprivation between December 7, 2003 and February 9, 2004 (Count 10); exposed to second-hand tobacco smoke between December 7, 2003 and February 9, 2004 (Count 11); given inadequate medical and dental care between December 7, 2003 and February 9, 2004 (Count 12); denied access to physical activity and exercise between December 7, 2003 and February 9, 2004 (Count 13); deprived of his personal property shortly after February 9, 2004 (Count 14); subjected to unspecified unconstitutional conditions in violation of the Fourteenth Amendment between December 7, 2003 and February 9, 2004 (Count 15); and subjected to cruel and unusual punishment between December 7, 2003 and February 9, 2004 (Count 16).

On January 9, 2007, this court dismissed Plaintiff's SAC based on Judge Mollway's ruling in Civ. No. 04-00731 SOM/LEK for failure to exhaust his administrative remedies ("January 9, 2007 Order").  The Clerk of Court entered Judgment against Plaintiff on the same day.  Plaintiff did not file an appeal.

On July 24, 2007, Plaintiff filed a document titled "Inquiry," wherein

he sought information regarding the status of this action, apparently unaware of the fact that Judgment had been entered against him six months earlier.

On August 15, 2007, Plaintiff filed a document titled, "Motion Requesting [January 9, 2007] Order Dismissing Second Amended Complaint and the Judgment." Plaintiff set forth that he was unaware that his action had been dismissed and that he either did not receive a copy of the January 9, 2007 Order, or he misunderstood it. Plaintiff claimed that had he known of the dismissal he would have taken the appropriate action (i.e., filed a motion to vacate judgment). Plaintiff also requested a copy of the January 9, 2007 Order and Judgment. In response to Plaintiff's August 15, 2007 pleading, on August 27, 2007, the court mailed Plaintiff copies of the January 9, 2007 Order and Judgment.

As noted, on January 10, 2008, one year after Judgment was entered in his case, Plaintiff filed the instant Motion. Plaintiff moves this court to set aside the entry of Judgment against him and reinstate Counts 1 and 2 of the SAC, on the grounds that: (1) he fully exhausted his claims that Defendants denied him access to the court between February 9, 2004 and February 2, 2006, because Defendants failed to provide him with access to information regarding the procedural requisites to fulfill the administrative grievance obligation under the Prison Litigation Reform Act ("PLRA"), thereby prejudicing his action in Civ. No.

5

04-00731 SOM/LEK; and (2) the court did not separately address or distinguish

his claims which were not asserted in Civ. No. 04-00731 SOM/LEK.

## II. DISCUSSION

**A.    Plaintiff's Motion Is Untimely**

Plaintiff's Motion is brought pursuant to Federal Rule of Civil

Procedure 60, which states in part:[4]

> (**b**) **Grounds for Relief from a Final Judgment, Order,
> or Proceeding.**  On motion and just terms, the court may
> relieve a party or a legal representative from a final
> judgment, order, or proceeding for the following reasons:
>
> > (1) mistake, inadvertence, surprise, or excusable
> > neglect;
> >
> > (2) newly discovered evidence that, with
> > reasonable diligence, could not have been
> > discovered in time to move for a new trial under

---

[4] Rule 60, as quoted, became effective December 1, 2007 and "shall govern in all proceedings thereafter commenced and, insofar as just and practicable, all proceedings then pending." *See* April 30, 2007 Order of the Supreme Court of the United States Amending Rules; *see also* Fed. R. Civ. P. 86 (stating that the "rules and amendments take effect at the time specified by the Supreme Court, subject to 28 U.S.C. § 2074" and govern pending proceedings unless "the Supreme Court specifies otherwise," or "the court determines that applying them in a particular action would be infeasible and work an injustice").  "The language of Rule 60 has been amended as part of the general restyling of the Civil Rules to make them more easily understood and to make style and terminology consistent throughout the rules.  These changes are intended to be stylistic only."  Rule 60 Advisory Committee Notes, 2007 Amendments.  Because the amended version of Rule 60 governs, and no substantive change in the law was intended, the court interprets the new rule by applying precedent related to the prior version of Rule 60.  *See United States v. Wilson*, 429 F.3d 455, 458 n.2 (3d Cir. 2005) (noting that amendment moving Fed. R. Crim. P. 32 into Fed. R. Crim. P. 11(d) did not substantively change the rule such that "precedent referring to Rule 32 continues to be authoritative").

Rule 59(b);

(3) fraud . . . misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

**(c) Timing and Effect of the Motion.**

(1) Timing.  A motion under Rule 60(b) must be made within a reasonable time -- and for reasons (1), (2), and (3) no more than a year after entry of the judgment or order or the date of the proceeding.

The disposition of a motion for relief from judgment is within the sound discretion of the district court.  *See Casey v. Albertson's Inc.*, 362 F.3d 1254, 1257 (9th Cir. 2004).  A Rule 60(b) motion must be brought within a reasonable time in any event and for reasons (1), (2), and (3) not longer than one year after the judgment was entered.[5]  *Ashford v. Steuart*, 657 F.2d 1053, 1055

---

[5]  Plaintiff's Motion states that it is brought "pursuant to Fed. R. of Civ. P. Rule 60(b)(1), (6) and possibly even (4) . . . ."  Pl.'s Mot. 1.  "A final judgment is 'void' for purposes of Rule 60(b)(4) only if the court that considered it . . . acted in a manner inconsistent with due process of law."  *United States v. Berke*, 170 F.3d 882, 883 (9th Cir. 1999).  Because Plaintiff argues that the January 9, 2007 Order was in error, as opposed to void, Plaintiff's Motion does not properly raise Rule 60(b)(4), and the court analyzes the issues pursuant to Rule 60(b)(1) and (6) only.

(9th Cir. 1981).  "What constitutes 'reasonable time' depends upon the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to other parties."  *Id.*; *see also Lairsey v. Advance Abrasives Co.*, 542 F.2d 928, 930-31 (5th Cir. 1976).

In addition, a party who files a Rule 60(b) motion after the time for appeal has run must establish the existence of extraordinary circumstances which prevented or rendered him unable to prosecute an appeal.  *Plotkin v. Pac. Tel. & Tel. Co.*, 688 F.2d 1291, 1293 (9th Cir. 1982).  The Ninth Circuit has held that entertaining motions pursuant to Rule 60(b) after the litigant has made a deliberate choice not to appeal, "would allow litigants to circumvent the appeals process and would undermine greatly the policies supporting finality of judgments."  *Id.*

Although Plaintiff filed his Motion within one year from the date of Judgment,[6] the court may, nonetheless, consider whether it was brought within a

---

[6] Although the court received Plaintiff's Motion one day beyond the one-year limitation period, it appears that Plaintiff mailed his Motion within one year of the date of Judgment. Plaintiff signed his Motion on January 5, 2008 and the court received the Motion on January 10, 2008.  *See* Pl.'s Mot. 1 & 18.  The court presumes, therefore, that Plaintiff deposited his Motion in the prison's internal mail system on or before January 9, 2008, the last day for filing.  To the extent that the "mailbox rule" applies to Plaintiff's Motion, it appears that Plaintiff's Motion was within the one-year time limit.  *See Thompson v. Williams*, 2007 WL 3244666, at *3-4 (W.D. Wash. Oct. 31, 2007) (stating that the Ninth Circuit has "not yet held that [the mailbox rule] applies to procedural deadlines other than for civil notices of appeal," but that there is "no reason to treat other civil 'filing' deadlines differently than the deadline for filing a civil appeal").

8

reasonable time.  Upon careful consideration of Plaintiff's Motion and the entire record before the court, and applying the *Ashford* factors, the court finds that Plaintiff's Motion is untimely.

The time for appeal has passed in this case and the court gives "great weight" to the interest in finality.  *See Ashford*, 657 F.2d at 1055.

Further, Plaintiff's reasons for delay do not provide an adequate excuse.  Plaintiff first appears to claim that because he never received the Judgment, the January 9, 2007 Order confused him.  Although Plaintiff initially denied receiving a copy of the January 9, 2007 Order, he now "vaguely recollects receiving the court's January 9, 2007 Order -- probably somewhere around Jan. 15; he does not recall receiving the Jan. 9 Judgment." Pl.'s Mot. 14-15.

The January 9, 2007 Order clearly stated that, "Plaintiff's Second Amended Complaint is **DISMISSED with prejudice** pursuant to 42 U.S.C. § 1997e(a)."  It also directed the Clerk of Court to close the case file.  According to the court record, the Clerk of Court sent Plaintiff a copy of the January 9, 2007 Order *together with* the Judgment via first class mail on January 9, 2007.  Even if Plaintiff never received a copy of the Judgment, given his litigation history, Plaintiff is well aware of the fact that Judgment is entered when the Clerk of Court

is directed to close the file.[7]  In addition, even if Plaintiff did not initially receive a copy of the Judgment and was therefore confused by the January 9, 2007 Order, Plaintiff was provided a copy of the January 9, 2007 Order and Judgment on August 27, 2007.  Doc. No. 34.

Plaintiff also claims that between January 2007 and August 2007, he did not have access to a sufficient supply of paper thereby preventing him from drafting the instant Motion.  In fact, between January 2007 and August 2007, Plaintiff initiated two new actions including *Regan v. Department of Public Safety, State of Hawaii, et al.*, Civ. No. 07-00029 JMS/BMK, and *Regan v. Department of Public Safety, State of Hawaii, et al.*, Civ. No. 07-00181 DAE/KSC, and continued to litigate his then existing action, *Regan v. Department of Public Safety, State of Hawaii, et al.*, Civ. No. 06-00121 DAE/LEK.[8]  Between January 2007 and August 2007, Plaintiff filed eleven handwritten documents in Civ. No. 07-00029 JMS/BMK, totaling over 100 pages.  During that same time

---

[7]  Prior to Plaintiff filing the instant Motion, the Clerk of Court entered judgment against Plaintiff in seven actions, including this matter and *Regan v. Dep't of Pub. Safety, et al.*, Civ. No. 07-00029 JMS/BMK; *Regan v. Dep't of Pub. Safety, et al.*, Civ. No. 07-00181 DAE/KSC; *Regan v. Dep't of Pub. Safety, et al.*, Civ. No. 06-00121 DAE/LEK; *Regan v. Honolulu Police Dep't, et al.*, Civ. No. 05-00068 HG/LEK; *Regan v. Oahu Cmty. Corr. Ctr., et al.*, Civ. No. 04-00731 SOM/LEK; and *Regan v. State of Hawaii, et al.*, Civ. No. 04-00626 ACK/LEK.

[8]  Plaintiff admits that rather than using his paper to draft his Motion, he wrote the Complaint in *Regan*, Civ. No. 07-00029 JMS/BMK, which was filed on January 19, 2007, ten days after the court entered Judgment in the instant action.  *See* Mot. at 14.

10

period, Plaintiff filed four handwritten documents in Civ. No. 07-00181

DAE/KSC, totaling approximately 175 pages.  In addition, Plaintiff filed seven

handwritten documents in Civ. No. 06-00121 DAE/LEK, totaling over forty pages.

Plaintiff's argument that he lacked sufficient resources to draft the instant Motion

during the relevant time period is baseless.

   Finally, Plaintiff protests that due to poor prison conditions including

overcrowding and frequent module transfers, he was unable to "get anything

done."  Pl.'s Mot. 16.  Based on the fact that Plaintiff pursued three actions and

filed over 300 hundred pages of handwritten documents between January 2007

and August 2007, and filed several pleadings through the time of filing his present

Motion, the court finds his argument unpersuasive.

   None of the circumstances relied upon by Plaintiff adequately explain

his failure to file the instant Motion within a reasonable time.  Plaintiff certainly

should have known that Judgment was entered in January 2007, and even if he did

not, he received actual notice in August 2007.  Even taking the facts in the light

most favorable to Plaintiff and assuming that he first became aware of the

Judgment  in August 2007, Plaintiff still waited over four months to file the instant

Motion.  Plaintiff has provided no reasonable justification for this continued delay.

Indeed, given his multiple other filings in other actions, it appears that Plaintiff

was both aware and able to file this Motion earlier.[9]  The court therefore DENIES

Plaintiff's Motion as untimely.

## B.     Plaintiff's Motion Lacks Merit

Even if Plaintiff had filed his Motion in a timely manner, the court's

failure to address Plaintiff's claims, which allegedly occurred between February 9,

2004 and February 2, 2006, in the January 9, 2007 Order, constituted harmless

error.  Had the court done so, Plaintiff's claims would have been dismissed for

failure to state a claim.

In Counts 1 and 2 of the SAC, Plaintiff complains in part that

Defendants denied him access to the court between February 9, 2004 and February

2, 2006, by failing to provide him with access to information regarding the

procedural requisites to fulfill the administrative grievance obligation under the

PLRA thereby prejudicing his action in Civ. No. 04-00731 SOM/LEK.  *See*

Second Am. Compl. at 4a-4c.  In the instant Motion, Plaintiff elaborates his

claims, apparently alleging that he had no knowledge of the administrative

---

[9]  To the extent Plaintiff's Motion can be construed as arguing excusable neglect, such theory does not provide Plaintiff relief.  "[T]he determination of whether neglect is excusable is an equitable one that depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the . . . [gravity of the neglect] and its potential impact on the proceedings; (3) the reason for the [neglect]; and (4) whether the movant acted in good faith." *Bateman v. United States Postal Serv*., 231 F.3d 1220, 1223-24 (9th Cir. 2000) (*citing Pioneer Investment Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 395 (1993)).  Plaintiff does not present any evidence relevant to these factors; indeed, the record weighs against a finding of excusable neglect.

grievance procedure, namely the requirement that an inmate must submit a grievance to a Unit Manager within fourteen days of the date on which the basis of the alleged complaint occurred.  *See* Pl.'s Mot. 9; *see also* Department of Public Safety's ("DPS") Policies and Procedures Manual (1992), § 493.12.03(4.0). Plaintiff claims that Defendants' failure to properly notify him of the administrative grievance procedure and/or make the DPS policy and Procedures Manual available to him constituted denial of access to the court because it prejudiced his case in Civil No. 04-00731 SOM/LEK.  Pl.'s Mot. 9-10.

Plaintiff's claims lack merit.  Plaintiff's allegations are identical to those previously addressed by the court in Civ. No. 04-00731 SOM/LEK.  In his memorandum in opposition to Defendant Clayton Frank's motion to dismiss, filed September 26, 2005 in Civ. No. 04-00731 SOM/LEK, Plaintiff argued that OCCC staff never informed him that an inmate must exhaust the grievance process before filing suit in federal court, and that he believed that prison officials actively concealed the information from inmates.  *See* Civ. No. 04-00731 SOM/LEK, Doc. No. 48, Amended Order Dismissing Third Amended Complaint and Dismissing Defendant Clayton Frank, at 10.  Plaintiff also alleged that Defendants denied his requests for information regarding the PLRA and the administrative grievance procedure.  *Id.*  Notwithstanding Plaintiff's arguments, Judge Susan Oki Mollway

13

held that, "[a]lthough the prison must give inmates information on how to properly file a grievance and must provide access to a law library or legal assistance, there is no authority requiring a prison to inform inmates of the exhaustion requirements of the PLRA[.]" *Id.* Judge Mollway concluded that, "[i]t is clear that Regan was aware of OCCC's grievance procedure no later than May 30, 2002, the date on which he filed his first grievance at OCCC." *Id*. at 13.

In the Ninth Circuit, under the law of the case doctrine, subsequent proceedings should follow the law of the case established in a previous decision unless: "(1) the decision is clearly erroneous and its enforcement would work a manifest injustice, (2) intervening controlling authority makes reconsideration appropriate, or (3) substantially different evidence was adduced at a subsequent trial." *Jeffries v. Wood*, 114 F.3d 1484, 1489 (9th Cir. 1997) (en banc) (footnote, citation, and internal quotation marks omitted) (*overruled on other grounds by Lindh v. Murphy*, 521 U.S. 320 (1997)).

This court agrees with Judge Mollway -- a prison owes no duty to inform inmates of the exhaustion requirements of the PLRA.  Further, Judge Mollway concluded that Plaintiff was aware of the prison grievance procedure no later than May 30, 2002.  Judge Mollway's decision is not erroneous nor would enforcement of her decision work a manifest injustice.  Plaintiff has not produced

14

any intervening controlling authority which would make reconsideration of Judge

Mollway's findings appropriate.  In addition, no different evidence has been

adduced at a subsequent trial.  As Plaintiff presents the same allegations in the

instant action as he did in Civ. No. 04-00731 SOM/LEK, this court will follow the

law of the case established in Civ. No. 04-00731 SOM/LEK, that is, that Judge

Mollway held that Plaintiff was aware of the prison administrative grievance

procedure on or before May 30, 2002, the date on which he filed his first

grievance.

To the extent Plaintiff argues that Defendants failed to provide him

with information regarding exhaustion under the PLRA, this court agrees with

Judge Mollway's analysis that prison officials owed Plaintiff no duty to inform him

of the exhaustion requirements of the PLRA.  *See* Civ. No. 04-00731 SOM/LEK,

Doc. No. 48, Amended Order Dismissing Third Amended Complaint and

Dismissing Defendant Clayton Frank, at 10.

Accordingly, Plaintiff's claims that Defendants denied him access to

the court between February 9, 2004 and February 2, 2006, by failing to provide

him with access to information regarding the procedural requisites to fulfill the

administrative grievance obligation under the PLRA thereby prejudicing his action

in Civ. No. 04-00731 SOM/LEK, fail to state a claim.

15

# III. <u>CONCLUSION</u>

For the reasons set forth above, Plaintiff's Motion for Relief from

Order and Judgment is DENIED.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, February 26, 2008.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Regan v. Frank et al.*, Civ. No. 06-00066 JMS/LEK; Order Denying Motion for Relief from
Order and Judgment